LOTTINGER, Judge.
This is a petition by West Side Twelve Corporation seeking to have the Court issue a Writ of Mandamus ordering the Clerk of Court for the Parish of West Baton Rouge, Louisiana, to erase certain inscriptions from the records of his office. The Lower Court held in favor of defendant and dismissed petitioner’s petition and petitioner has taken an appeal.
The evidence discloses that Richfield Corporation, the owner of a 12,000 acre tract of land situated in West Baton Rouge and Pointe Coupee Parishes entered into a contract to sell the said land to West Side Twelve Corporation, hereinafter referred to as petitioner. At the same time petitioner executed two agreements with No-real Corporation, the first of which provided for the sharing with Noreal of the percentage of the profits arising from the operation of the tract of land or from the resale of the tract of land which is hereinafter called the Net Proceeds Agreement. The second agreement, hereinafter called the Stock Option Agreement, granted an option to Noreal Corporation whereby it had the right to purchase shares of stock in West Side Twelve Corporation. Neither of these two agreements were placed of record at the time they were executed.
Pursuant to the agreement to sell, the sale of the property to petitioner was executed on August 23, 1972 and same was immediately filed of record. Petitioner financed the acquisition of the property with a $13,500,000.00 first mortgage loan through the following mortgage lenders: Great American Mortgage Corporation, Louisiana Teacher’s Retirement System, Louisiana State Employees’ Retirement System, The Lomas and Nettleton Company, and Justice Mortgage Investors. Subsequently, on April 18, 1974, West Side Twelve Corporation executed a contract to sell the 12,000 acre tract of land to Bihm Oil & Gas Company and recorded the contract to sell in the conveyance records of West Baton Rouge Parish.
Shortly thereafter Noreal Corporation’s assignee, Normandy Investment Corporation, recorded the Net Proceeds Agreement and a Stock Option Agreement in the conveyance records of West Baton Rouge Parish and brought suit in Federal District *810 Court of the Middle District of Louisiana against petitioner and others and recorded a Notice of Lis Pendens in the mortgage records of West Baton Rouge Parish.
The petitioner now contends that the Net Proceeds Agreement and the Stock Option Agreement are suggestive of litigation and clouded title to the 12,000 acre tract of land to the point that the property became unmarketable. In an effort to restore the property to its merchantable state petitioner sought to have the Net Proceeds Agreement and the Stock Option Agreement cancelled from the public records. Also petitioner made an effort to have the Notice of Lis Pendens cancelled on the grounds that the complaint filed in the Federal District Court asserted no claim of ownership, mortgage or privilege on the property nor did the law suit affect title to the property.
Thomas J. LeBlanc, Clerk of Court of West Baton Rouge Parish, refused to cancel the two agreements and the Notice of Lis Pendens, precipitating this law suit against him seeking Writs of Mandamus. Interventions on the side of the plaintiff were filed by plaintiff’s first mortgage lenders. Intervention opposing petitioner’s petition was filed on behalf o'f Normandy Investment Company (the petitioner in the Federal District Court proceedings) and Bernhard Realty Company of New Orleans, Inc. (and intervenor in the Federal District Court proceedings).
Following the judgment of the Lower Court, West Side Twelve Corporation and each of its mortgage lenders took this appeal.
Since this appeal has been taken, the Federal Court proceedings hereinabove referred to, wherein a Notice of Lis Pendens was recorded in the mortgage records of West Baton Rouge Parish, has been dismissed with prejudice by order of Judge E. Gordon West, United States District Judge under date of November 20th, 1974. That the Notice of Lis Pendens recorded in Mortgage Book 120 on pages 19 and 20 of the records of West Baton Rouge Parish, Louisiana has been cancelled. Because of this action, appellant’s appeal as to the Notice of Lis Pendens is moot and the parties jointly move the Court to dismiss that portion of this appeal.
In view Of the cancellation of the notice of lis pendens, that portion of this appeal is not to be further considered herein.
The remaining issue is whether the Net Proceeds Agreement and the Stock Option Agreement should be ordered cancelled.
All of the parties at interest in these agreements are before the Court in this proceeding.
We do not find it necessary to consider whether these two agreements are clouds on the title to the 12,000 acres of land. Apart from this, these parties, for whatever reason, have a right to have these two agreements removed from the public records of West Baton Rouge Parish. Inasmuch as the parties at interest in these agreements have agreed to a cancellation, or have withdrawn their opposition to cancellation, we can deem no reason why the request for cancellation should not be granted.
Accordingly, for these reasons assigned the judgment of the Lower Court is reversed and there is judgment herein in favor of petitioner and against the defendant ordering and commanding the defendant Clerk of Court to erase from the conveyance records of his office the aforesaid Net Proceeds Agreement and the Stock Option Agreement; All costs of this proceeding to be paid by plaintiffs.
Judgment reversed and rendered.